1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

10
11
12
13
14
15

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | 10-CR-181-EFS |
| vs. | ) ) | |
| TYSON A. SCHOTT, | ) ) | **Preliminary Order of Forfeiture** |
| Defendant. | ) ) ) | |

16    Before the Court, without oral argument, is the United States

17  Attorney's  Office's  (USAO)  Motion  for  Preliminary  Order  of

18  Forfeiture (ECF No. 21) and related Motion to Expedite (ECF No.

19  22).   Whereas,  Defendant  has  stipulated,  pursuant  to  the  Plea

20  Agreement previously filed herein, to the Criminal Forfeiture of

21  assets involved in and connected to unlawful activity, specifically

22  Defendant's  guilty  plea  and  conviction  of  one  or  more  offenses

23  committed in violation of Title 18 U.S.C. § 371 and Title 31 U.S.C.

24  § 5324, *see Amended Information, Ct. Rec. 6, and Plea Agreement,*

25  *Ct. Rec. 10;*

26    Whereas,  based  on  Defendant's  conviction  and  the  foregoing

27  statutes,  the  Defendant  shall  forfeit  to  the  United  States  of

28

Preliminary Order of Forfeiture - 1

America all property, real or personal, involved in the convicted offenses, and any property traceable to such property;

Whereas, the United States is also entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853, as incorporated by 31 U.S.C. § 5317(c) and/or by 28 U.S.C. § 2461(c);

Whereas, subject to the limitations set forth in Paragraph 10 of the parties' Plea Agreement, the Defendant and United States agree that the property to be forfeited under this agreement includes those assets that have been seized, have been stipulated to be forfeited, and/or have been identified as substitute property to be forfeited. *See Paragraph 10, Ct. Rec. #10.*

**THEREFORE AND BASED UPON** the Defendant's plea of guilty and upon the stipulations, admissions and other terms in the parties' Plea Agreement previously filed herein, and upon the Defendant's plea colloquy and the Court's finding that there is a reasonable and substantial nexus between the property identified below and the offense(s) to which the Defendant has pled guilty, **IT IS HEREBY ORDERED**: Motion for Preliminary Order of Forfeiture **(ECF No. 21)** and related Motion to Expedite **(ECF No. 22)** are **GRANTED.**

The following property is forfeited to the United States pursuant to 31 U.S.C. § 5317 and/or 28 U.S.C. §2461(c):

Pursuant to Defendant's plea agreement, the United States is no longer seeking forfeiture of the $21,857.00 U.S. funds from retirement account #: XXX-XX2420 held in the name of Tyson Schott, seized pursuant to a federal seizure warrant on or about August 30, 2010, by the Federal Bureau of Investigation, from TD Ameritrade, in Omaha, Nebraska. The United States and Defendant agree that these funds will be returned to Defendant.

Preliminary Order of Forfeiture - 2

181.Prelim.Forfeiture.wpd

## I.   **MONEY JUDGMENT**

9)   A sum of money equal to $330,129.00 in United States currency, which represents Defendant's portion of the $1,306,455.69 of the full forfeiture judgment agreed to in Co-Defendant Dickson's and this Defendant's plea agreements, and which represents the amount of Defendant's property involved in the offense(s) and/or property traceable thereto.  Defendant Schott will be held jointly and several liability with Co-Conspirator, CRAIG A. DICKSON on this $330,129 portion of the full $1,306,455.69 proposed by the parties.

The United States may take steps to collect the judgment from any property of the Defendant and in accordance with the substitute asset provisions of 21 U.S.C. § 853(p), as incorporated by 31 U.S.C. § 5317, including specifically the following property or assets:

## II.   **SUBSTITUTE ASSETS**

**CONVEYANCES**

10) 2009 23' Cobalt Boat, Model 232, HIN: FGE3W014A909, Idaho License Number:  ID5746AR and 2009 Metal Craft 24' Boat Trailer, VIN: 1FWE024249A036732, Washington License Number: 7288V7, seized in Coeur d'Alene, Idaho, pursuant to a federal seizure warrant on or about August 31, 2010, by the Federal Bureau of Investigation;

**U.S. CURRENCY**

11) $281,000.00 U.S. Currency, seized pursuant to a federal search warrant on or about August 31, 2010, by the Federal Bureau of Investigation, from Tyson Schott, in Spokane, Washington;

12) $4,494.00 U.S. Currency, seized on or about August 31, 2010, by the Federal Bureau of Investigation, from Tyson Schott, at Dickson Iron & Metals, in Spokane, Washington;

**IT IS FURTHER ORDERED** that the United States Marshals Service shall seize the above-described properties and shall maintain such seized properties in its custody and control until further order of this Court;

Preliminary Order of Forfeiture - 3

181.Prelim.Forfeiture.wpd

**IT IS FURTHER ORDERED** that pursuant to 21 U.S.C. § 853(n), as incorporated by 31 U.S.C. § 5317, the United States shall publish notice of the preliminary order of forfeiture.  The notice shall be posted on an official website of the United States Government for at least thirty days and shall state that any person, other than Defendant, claiming a legal interest in the property shall file a petition with this Court within sixty days of the first date of publication, or within thirty-five days of receipt of actual notice, whichever is earlier.  The notice shall advise interested persons that the petition shall (1) be for a hearing to adjudicate the validity of the petitioner's claimed interest in the property; (2) be signed by the petitioner under penalty; (3) set forth the nature and extent of the petitioner's claimed right, title, or interest in the property.  The petition shall also set forth any additional facts supporting the petitioner's claim.  The United States shall also provide direct written notice of this preliminary order of forfeiture to any person known to have alleged an interest in the property subject to forfeiture.

The Court finds that Defendant had an interest in the forfeited properties, based upon Defendant's plea of guilty, and the stipulations, admissions and information in Defendant's and his Co-defendant Dickson's Plea Agreements.  Therefore, this preliminary order of forfeiture shall become final as to Defendant at the time of the imposition of sentence, and shall be made part of the sentence and included in the judgment, all pursuant to Fed. R. Crim. P. 32.2(b)(4).

Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered.  If no third

Preliminary Order of Forfeiture - 4

party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

DATED this 18th day of March, 2011.


                        s/Edward F. Shea
                        EDWARD F. SHEA
                  United States District Judge


Preliminary Order of Forfeiture - 5

181.Prelim.Forfeiture.wpd